TABER v. TRUSTEES OF STATE HOSPITAL FOR THE INSANE.

(Circuit Court, E. D. Pennsylvania. January 4, 1904.)

No. 64.

1. MASTER AND SERVANT—RENEWAL OF CONTRACT OF EMPLOYMENT—ACTION OF OFFICIAL BODY.

The action of the board of trustees of a state hospital for the insane, who had taken up the question of ·the re-election of a physician whose term. of employment was about to expire, in postponing further consideration of the subject, because of disagreement, until a subsequent meeting held after the expiration of the term, was within their right as an official body, and did not constitute a re-employment for another term; but their final decision refusing a re-election related back to the time of the prior meeting.

At Law. On motion for new trial.

Ernest L. Tustin, for plaintiff.

J. W. Bayard, Montgomery Evans, and John G. Johnson, for defendant.

J. B. McPHERSON, District Judge. The charge of the court sets forth with sufficient distinctness, I think, the reasons why binding instructions in favor ·of the defendants were given, and only a few words need be·added now.· As it seems to me, the decisions cited by the ·plaintiff's counsel on ·the argument for a new trial do not apply,

because in the present case there is more than mere silence on the part of the employer at the expiration of the period for which the servant has been engaged. If the board of trustees had said nothing and had done nothing, no doubt the authorities referred to would be pertinent, and there would be no difficulty in holding that the plaintiff had impliedly been re-engaged. But the facts are essentially different. The board met in October, when the plaintiff's year as resident physician was about to expire, and began immediately to consider and to take action upon the subject of her re-election. They could not agree at this meeting, but they did not abandon the discussion. On the contrary, they expressly retained control of it by postponing the final decision by appropriate action from time to time until the meeting in January, when they refused to re-elect her. In my opinion, they had a clear right thus to defer final action, if they desired further time for consideration, and they were not obliged to come to a conclusion at the October meeting upon the disputed question concerning the plaintiff's re-election. So to hold would be equivalent to deciding that taking time for deliberation concerning what was evidently a matter of much importance amounted to a re-election, although this was the very action that the board intended to avoid, because they desired a further opportunity to consider the subject. Ordinarily any meeting of an official body may be adjourned, and the business before it be carried over for future decision. Action is thus deferred or suspended, but, when it is finally taken, it usually relates back to the time of the original meeting. This, I think, was the case here, and, if I am right, the plaintiff was lawfully dismissed from her position.

The motion for a new trial is refused.